Scott I. Palumbo (021271)
THE PALUMBO LAW FIRM
5500 N. 24th Street
Phoenix, Arizona 85016
scott@spalumbo.com

Robert T. Sullivan (022719)
Brian Holohan (009124)
BROENING, OBERG, WOODS & WILSON, P.C.
2800 N. Central Avenue, Suite 1600
Phoenix, Arizona 85004
RTS@BOWWLAW.COM
BH@BOWWLAW.COM
*Attorneys for Defendants/Counterclaimants Dillard*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| XL Insurance America, Inc., | 2:25-cv-00017-DJH |
| Plaintiff, | |
| v. | **SEPARATE ANSWER OF DEFENDANTS CHRISTOPHER DILLARD AND SHANNON DILLARD and COUNTERCLAIM** |
| Collin Reeves, Zoe Torres, Christopher Dillard, and Shannon Dillard, | |
| Defendants. | |
| Christoper Dillard and Shannon Dillard, citizens of Arizona, | |
| Counterclaimants, | |
| v. | |
| XL Insurance America, Inc., a Delaware corporation; and Navigators Insurance Company, a New York corporation, | |
| Counterdefendants. | |

Defendants Christopher Dillard and Shannon Dillard answer as follows:

1. Every allegation of the Complaint not specifically admitted is denied.

2. Defendants admit the allegations of ¶¶2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 19, 26, 27, 28, 29, 30, 31, 33, 34, 35, 36, 38, 39 and 40.

3. Answering ¶18, Defendants admit that Hines Interests is the only named insured in the declaration but deny that it is the only named insured under the policy. Hines GS Properties ("Hines GS") was expressly added as a named insured in an endorsement titled Schedule of Named Insureds (form U-GU-621-A C), which is omitted from the copy of the Zurich policy attached to the Complaint. The remaining allegations of ¶18 are denied.

4. Answering ¶20, Defendants admit that whether Defendant Reeves was in the course and scope of his employment at the time of the accident was not adjudicated in the Underlying Lawsuit. Defendants further admit that Hines GS was dismissed from the Underlying Lawsuit prior to trial. The remaining allegations, if any, of ¶20 are denied.

5. Answering ¶21, Defendants admit Defendant Reeves consumed an excessive amount of alcohol at the Event and drove thereafter. The remaining allegations of ¶21, if any, are denied.

6. Answering ¶24, Defendants admit Defendant Reeves pleaded guilty to violating A.R.S. §13-1201(A). The remaining allegations of ¶24, if any, are denied.

7. Answering ¶25, Defendants deny that Exhibit 6 is a true and correct copy of the Zurich policy. Exhibit A attached hereto is a genuine copy of the policy Zurich provided in response to a subpoena in the *Allied World* declaratory judgment lawsuit.

8. Answering ¶37, Defendants admit that Reeves is not identified as the named insured under the XL policy, but Hines GS is a named insured by virtue of the Schedule of Named Insureds (Exhibit A, p. ZAIC 000162). The remaining allegations, if any, in ¶37 are denied.

9. Answering ¶43, Defendants admit the Allied policy contains the language quoted but deny the allegation that Allied's Liquor Liability exclusion applied. Allied has not raised

1  that exclusion in its declaratory judgment action. *Allied World Assurance Co. v. Reeves*, et al., no. 2:23-cv-01794-ROS. There was coverage under the Zurich policy for Defendant Reeves even though he drove a vehicle while intoxicated.

10. Answering ¶44, Defendants deny the allegation that the Zurich policy named only Hines Limited Interests Partnership as a named insured. Defendants also deny that Hines GS is not a named insured under the Allied and XL policies. Defendants are without knowledge or information sufficient to form a belief as the place of delivery of the three polices and, therefore, deny that allegation. The remaining allegations of ¶44, if any, are denied.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶45 and, therefore, deny them.

12. Answering ¶46, Defendants admit that the Zurich, Allied and XL policies provide coverage to multiple Hines Limited Partnership Interests entities and activities nationwide and internationally. The remaining allegations of ¶46 are denied.

13. Defendants deny the allegations of ¶47.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in ¶49 about Plaintiff's knowledge. Defendants deny they have the burden alleged in ¶49. The burden of proof is on Plaintiff.

15. Defendants deny the allegations of ¶¶50 and 51. Hines GS is a named insured under the Zurich policy. Moreover, Reeves is an insured under the Zurich policy because of the Employees as Insureds Endorsement (policy form CA 99 33).

16. Defendants deny the allegations of ¶¶52 and 53.

17. This is a contested action arising out of contract as that expression is used in A.R.S. §12-341.01(A) and Defendants are therefore entitled to an award of attorneys' fees against Plaintiff.

/ / /

/ / /

WHEREFORE having answered the Complaint, Defendants pray judgment in their favor, for an award of attorneys' fees and taxable costs, and for such other and further relief as may be legally appropriate.

## COUNTERCLAIM

For their Counterclaim, Defendants Christopher Dillard and Shannon Dillard allege as follows:

1. Defendants reallege the allegations in ¶¶2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 15, 16, 17, 26, 29, 30, 31, 33, 34, 35, 36, 38, 39 and 40 of the Complaint.

2. Defendants reallege the allegations in ¶8 that Exhibit A to this Answer and Counterclaim is a true and correct copy of the Zurich policy.

3. Counterdefendant Navigators Insurance Company ("Navigators") is a New York corporation. Defendants allege, based on information and belief, that Connecticut is Navigators' principal place of business.

4. The Court has subject matter jurisdiction over Defendant's counterclaim pursuant to 28 U.S.C. §1332 and based on pendent jurisdiction.

5. Navigators issued a policy of insurance bearing number NY18MXE915204IV to Hines Interests Limited Partnership. The policy period was October 1, 2018, to October 1, 2019. The policy has a $25 million limit of liability per occurrence. Exhibit B attached hereto is a genuine copy of the Navigators' policy.

6. Like the XL policy, Navigators' policy is a so-called follow form. Like the XL policy, Navigators' policy lists the Allied World National Assurance policy number 0306-9798 as the lead underlying insurer. (Exhibit B, p. NAVIGATOR003.[1]) Like XL, Navigators' policy covers an occurrence if the underlying Allied policy provides coverage.

> The Company hereby agrees, subject to the terms, definitions, exclusions and conditions contained in this Policy, to pay those sums which the Insured shall be legally obligated to pay as damages by reason of the liability covered by and

---

[1] For the Court's convenience, both exhibits have Bates numbering.

> as more fully defined in the Lead Underlying Policy (as stated in Item 2. a) of the Declarations and hereinafter referred to as "Lead Underlying Policy") . . .
>
> * * *
>
> The Company agrees that, except as may otherwise be endorsed to this Policy, this Policy will follow:
>
>> A. the same terms, definitions, exclusions and conditions as are, at inception hereof, contained in the Lead Underlying Policy[.]

(*Id.*, p. NAVIGATOR006.)

7. The underlying policies in Allied's policy appear in the Schedule of Underlying Insurance (Complaint ex. 5, AW006). Zurich policy no. BAP 5087524-14 ("Zurich policy") is listed in the Automobile Liability portion of the Schedule of Underlying Insurance.

8. That coverage under Allied's policy is determined by the terms of the Zurich policy and confirmed in the Auto Liability Limitation Endorsement (*Id.*, AW027).

9. Navigators' policy therefore incorporates the terms contained in the Zurich policy.

10. Coverage under Zurich's policy for liability for automobile accidents is determined by reference to multiple policy provisions. As it relates to the October 5, 2018, accident, the following policy forms are relevant: the Business Auto Declarations (Exhibit A, ZAIC000004), Business Auto Coverage Form (*id.*, ZAIC000015-029) and Employees as Insureds (*id.*, ZAIC000130).

11. Under the insuring agreement in the Business Auto Coverage Farm, Zurich agreed to pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto." (*id.*, ZAIC000016.)

12. Defendant Reeves is liable for the "bodily injury" resulting from the October 5, 2018, accident.

13. "Insured" is defined in multiple places in Zurich policy no. BAP 5087524-14. As it relates to the October 5, 2018, accident, Zurich's policy added to the definition of "insured"

contained in Section II(A)(1)(b)(2) of the Business Auto Coverage Form (*id*.,) by expanding the definition of "named insured" to include, among others, Hines GS. (*Id*., p. ZAIC 000162).

15. 14. The definition of insured was expanded further in the Employees as Insureds endorsement (*id*., ZAIC000130) which provides in part:

> The following is added to the Section II — Covered Autos Liability Coverage, Paragraph A.1. Who Is An Insured provision:
>
>> Any "employee" of yours is an "insured" while using a covered "auto" you don't own, hire or borrow in your business or your personal affairs.

15. A covered "auto" under Zurich's policy is determined by reference to Item Two of the Business Auto Declarations (*id*., ZAIC000005). There, the policy states: **"Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the Covered Autos section of the Business Auto Coverage Form next to the name of the coverage.** The first line of coverages, "COVERED AUTOS LIABILITY," has the number "1" typed into the "Covered Autos" column. A "1" symbol, according to Section I of the Business Auto Coverage Form is defined as "any auto."

16. At the time of the October 5, 2018, accident, Defendant Reeves was operating a vehicle that the named insured did not own, hire or borrow in its business or personal affairs. For that reason, Defendant Reeves is an insured under Zurich's policy for the October 5, 2018, accident.

17. Defendants are entitled to a declaration that Defendant Reeves is an insured for the October 5, 2018, accident under both the XL and Navigators' policies.

18. This is a contested action arising out of contract as that expression is used in A.R.S. §12-341.01(A) and Defendants are therefore entitled to an award of attorneys' fees against Plaintiff and Counterdefendant Navigators.

WHEREFORE Defendants pray for judgment declaring that Defendant Reeves is an insured for the October 5, 2018, accident under both the XL and Navigators' policies, for an award of attorneys' fees and taxable costs, and for such other and further relief as may be legally appropriate.

RESPECTFULLY SUBMITTED this 4th day of March, 2025.

>
> Scott I. Palumbo
> PALUMBO, WOLFE & PALUMBO, P.C.
> 2800 N. Central Avenue, Suite 1400
> Phoenix, Arizona 85004
>
> and
>
> BROENING, OBERG, WOODS & WILSON, P.C.
>
> By/s/ *Robert T. Sullivan*
>   Robert T. Sullivan
>   Brian Holohan
>   *Attorneys for Defendants Dillard*

**CERTIFICATE OF ELECTRONIC FILING AND SERVICE**

I hereby certify that on March 4, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Monica R. Thompson, Esq.
John Grossbart, Esq.
DENTONS US LLP
2398 East Camelback Road
Suite 850
Phoenix, Arizona 85016-9007
*Attorneys for Plaintiff*

Joel DeCiancio, Esq.
HILL, HALL & DeCIANCIO, PLC
3131 East Clarendon, Suite 107
Phoenix, Arizona 85016
*Attorneys for Defendant Reeves*

Brett L. Slavicek, Esq.
James E. Fucetola, Esq.
THE SLAVICEK LAW FIRM
5500 N. 24th Street
Phoenix, Arizona 85016
Attorneys for Defendant Torres

By /s/ *Nicole J. Smith*